Shauck, J.
The view presented on behalf of the plaintiffs, briefly stated, is that since Smiley Mathews devised the lands in question to his wife “as her dower” to be held by her “as long as she shall live,” making no further disposition thereof, he died intestate ah to the estate in remainder, and that these terms of the will limited her interest to an estate for life notwithstanding the provisions of section 4159 of the Revised Statutes; and that, therefore, the estate in remainder passed to them as “his next of kin by consanguinity.” The petition alleges that “Smiley Mathews died leaving no heir of his body begotten nor representative of such heir.” By not alleging that his estate in these lands was ancestral, it admits that he acquired them by purchase. Sections 4158, et seq. of the Revised Statutes provide for the descent of real estate in cases of intestacy. The pertinent provisions of section 4159 are: “If the estate came not by descent, devise or deed of gift it shall descend and pass as follows:
First, to the children of the intestate and their legal representatives;
Second, if there are no children or their legal representatives, the estate shall pass to and be vested in the husband or wife, relict of such intestate;
*574 Third, if such intestate leaves no husband or wife, relict to himself or herself, the estate shall pass to the brothers and sisters of the intestate of the whole blood, and their legal representatives. ”
This statute was in force when Smiley Mathews died. His estate in these lands, not having come to him by descent, devise or deed of gift, and he having died without children or their legal representatives, their descent as to any intestate interest therein was, by the second paragraph of the section, cast upon his wife. From the fact that it was not in force when his will was executed, it may be conjectured that he did not then intend that she should take more than a life estate in the lands. But it cannot be assumed against the terms of the will and the statute operating’ upon the lands at the time of his death that, if such was his intention, it remained unchanged. By its terms the statute operates in every case “when a person dies intestate having title or right to any real estate or inheritance in this state,” and there is no presumption of more obvious force or propriety than that the testator had knowledge of the change in the statute and acquiesced in the larger provision which it made for his wife. The comprehensive language in which the statute is made applicable to all cases of intestacy compels the acceptance of the rule, generally recognized, that the heir at law can be disinherited only by a devise of the property to another. Denn ex dem. v. Gaskin, 2 Cowper, 329; Crane et al. v. Doty et al., 1 Ohio St., 279.

Jicdgrnent affirmed.